Lin v. Sessions

BIA
Weisel, IJ
A200 753 627

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand seventeen.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

FENG LIN,
> *Petitioner,*

> v.                                                16-175
>                                                    NAC
JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Marta Bachynska, Law Offices of Yu & Associates, PLLC, New York, NY.

**FOR RESPONDENT:**        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Stefanie Notarino Hennes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Lin, a native and citizen of the People's Republic of China, seeks review of a December 23, 2015, decision of the BIA, affirming an April 23, 2014, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Lin,* No. A200 753 627 (B.I.A. Dec. 23, 2015), *aff'g* No. A200 753 627 (Immig. Ct. N.Y. City Apr. 23, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."

2

*Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The crux of Lin's asylum claim is that he fears persecution in China because he joined the China Democracy Party ("CDP") in the United States, and that the Chinese government is aware of his CDP activity and will persecute him on that basis. To establish asylum eligibility, Lin must show "that he subjectively fears persecution" and that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)). The Chinese government's awareness of Lin's CDP activities is, thus, key to Lin's asylum

3

claim.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

At minimum, Lin was required to present credible testimony that the Chinese government was or would become aware of his political activities.  If an "applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate" that he is entitled to relief, such testimony may be sufficient to meet the applicant's burden of proof.  8 U.S.C. § 1158(b)(1)(B)(ii).  But an IJ weighs such testimony with other evidence and may find corroboration is needed for even credible testimony.  *Id*.  In cases like Lin's where an asylum claim is based on pro-democracy activities in the United States, a claim that "may be especially easy to manufacture," there is a strong need for "careful balancing of legal factors—the alien's credibility, the likelihood that the Chinese government is aware of the applicant's pro-democracy beliefs, [and] evidence suggesting that the alien would be targeted because of those beliefs . . . -as well as the political and practical concerns" raised by these types of claims.  *Y.C.*, 741 F.2d at 338.

We conclude that the agency reasonably questioned Lin's credibility.  The agency may, "[c]onsidering the totality of

the circumstances," base a credibility finding on inconsistencies and omissions in an applicant's statements and evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64 & 166 n.3. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Here, Lin's credibility was called into question by his failure to amend his application to detail the alleged visit by authorities, coupled with the omission from his father's letter of the date of the alleged visit, which rendered Lin unable to demonstrate that the visit was tied to his CDP activities.

Lin's most robust evidence that the Chinese government is aware of his CDP activities was his testimony that, in November 2012, "Chinese officials . . . came to [his] home and threatened [his parents]." Because Lin's original asylum application predated this alleged incident, the application made no mention of it. However, Lin never amended that application between the alleged visit in 2012 and his hearing in 2014, notwithstanding that his attorney made evidentiary submissions in January and October 2013, post-dating the November 2012 incident. Thus, the operative application

5

omitted this key incident. *Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").

Lin concedes that the omission is present but argues that it is insufficient to support the adverse credibility determination because the agency failed to consider the totality of the circumstances. We disagree. This visit was central to his alleged fear of persecution and thus his failure to amend or provide sufficient detail infected all parts of his claim, calling into question the extent of his CDP activity as well as the Chinese government's awareness of his activity. *Cf. Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."); *see also Hongsheng Leng*, 528 F.3d at 143. And, as the agency correctly observed, Lin bore the burden of demonstrating his eligibility for asylum and had ample time to amend his application. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Finally, Lin argues that it was error for the IJ not to confront him with this discrepancy. While it is true that an IJ may not rest an adverse credibility finding on a non-dramatic

6

discrepancy without first putting a petitioner on notice and offering an opportunity to explain it, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir. 2006), the discrepancy in Lin's case went to the central issue: whether the Chinese government was aware of his activities. *See Hongsheng Leng*, 528 F.3d at 143. Accordingly, the IJ was not required to specifically request an explanation. *See Ming Shi Xue,* 439 F.3d at 122 n.13.

Given Lin's failure to amend or to provide a detailed statement from his father about the central basis for his alleged fear of persecution on account of his CDP activity, it cannot be said "that no reasonable fact-finder" would question his credibility. *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, given his questionable credibility and lack of reliable corroboration, Lin did not meet his burden of proof for any relief. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Y.C.*, 741 F.3d at 333-34, 338; *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

7

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk